UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN MARK WIGGER,

Debtor.

_____/

Case No. 17-04014
Hon. Scott W. Dales
Chapter 7

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

## I.   INTRODUCTION

*Pro se* chapter 7 debtor Kevin M. Wigger claims as exempt two related civil judgments against his son, George Wigger.[1]  The judgments represent the son's debt to the father (and now the father's bankruptcy estate) for the son's prepetition misappropriation of the father's individual retirement account following the father's incarceration.  The first judgment, from the Muskegon County Circuit Court, established the son's debt to the father; the second, entered in the son's own bankruptcy proceeding, excepted the debt from the son's discharge.

The parties agree that the father's rights under the two judgments are included within his bankruptcy estate.  Nevertheless, by claiming the judgments as exempt under § 522(d)(11), the father hopes to use for his "fresh start"any recovery against the son.  The son, however, filed an objection to the exemption, and the father's bankruptcy trustee, Thomas A. Bruinsma (the "Trustee"), concurred in the objection.  *See* Objection to Exemptions (ECF No. 79, the "Objection") and Trustee's Concurrence with Objection to Exemptions (ECF No. 82, the "Concurrence").

The court held a hearing on April 10, 2019 to consider the Objection and the Trustee's Concurrence.  The father appeared by telephone from prison and the son appeared through counsel.  The Trustee did not attend the hearing.

---

[1] Because both men share the same surname, and both have filed petitions for relief under chapter 7, references in this opinion to "Mr. Wigger" or "the debtor" would be confusing.  To avoid confusion, and intending no disrespect, the court will refer to George Wigger as the "son" and to Kevin Wigger as the "father."

## II.  JURISDICTION

The court has jurisdiction over the father's bankruptcy case pursuant to 28 U.S.C. § 1334(a) because the U.S. District Court has referred all bankruptcy cases and proceedings in this district to the United States Bankruptcy Court, pursuant to 28 U.S.C. § 157(a). Proceedings to determine the propriety of exemptions are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(B).  There has been no challenge to the bankruptcy court's constitutional authority to resolve this controversy by entering a final order, and the court perceives no basis for any such challenge.  Consequently, the court has full authority to resolve this dispute.

## III.  THRESHOLD CHALLENGES

In his response to the Objection and Concurrence, the father advances two threshold challenges worth mentioning.  With respect to the Objection, he contests his son's standing; with respect to the Concurrence, he disputes the Trustee's timeliness under Rule 4003(b)(1).

As for standing, the father claims that the son is not a creditor and therefore lacks the pecuniary interest necessary to contest the exemption claim.  Without such a pecuniary interest, the father argues that the son lacks standing.  In response, counsel argued that his client has claims against the father arising from the supposed harm the father caused  by violating the automatic stay in the son's own bankruptcy proceeding.  Indeed, the son pursued this very right against his father as a counterclaim in earlier litigation involving these parties (*see* ECF No. 79 in Adv. Pro. No. 16-80049).

In response, the father argued that the son's claims were dismissed in the prior adversary proceeding.  The parties agreed that the court could take judicial notice of the docket in Adv. Pro. No. 16-80049 to determine whether the son's claim regarding the automatic stay-- the only basis offered for standing to prosecute the Objection -- survived the dismissal in Adv. Pro. No. 16-80049.  The court has reviewed the Notice of Dismissal Purusant [sic] to Fed. R. Bankr. P. 7041 and Fed. R. Civ. Proc. 41(a)(1)(A)(ii) (ECF No. 143 in Adv. Pro. No. 16-80049) and concludes that the dismissal of the counterclaim was "with prejudice" and therefore on the merits.  Although the dismissal notice purported to preserve the son's right to assert the protection of his *discharge* for actions taken after August 25, 2017, counsel did not mention any claim under § 727 postdating August 25, 2017 at the hearing, only claims for violating the automatic stay under § 362.[2]  Nor, for that matter, is the court persuaded that the son has a pecuniary interest in determining which of two parties -- his father or the Trustee -- will seek to enforce the judgments against him.  In short, the son failed to meet his burden of establishing standing to prosecute the Objection.  *See Smith v. Jefferson County Bd. of School Comm'rs*, 641 F.3d 197, 206 (6th Circ. 2011).

---

[2] Given that the son's debt to the father is largely excepted from discharge, it is difficult to conceive how the son would have a claim against his father for violating the discharge.

The father, however, does not challenge the Trustee's standing to object to his exemption. Instead, he argues that the Trustee is time-barred because he was late in filing an objection to the exemption claim originally filed on January 10, 2019. The court rejects this challenge to the timeliness of the Concurrence, however, because the January 10, 2019 amendment to Schedule C was filed as part of a response to another litigant's motion to dismiss in an unrelated adversary proceeding to which the Trustee was not a party (*see* ECF No. 17-2 filed in Adv. Pro. No. 18-80149). The father, not the Clerk, mistakenly captioned his amendment to Schedule C in that adversary proceeding, which prompted the Clerk to file the document in the wrong docket. Because of the father's error, which he claims started the thirty-day clock under Rule 4003(b)(1), the Trustee did not receive electronic notice of the father's supposed amended exemption claim. Therefore, the court does not regard the filing error as harmless under Rule 9005.

Later, the father re-filed his exemption claim in the docket of his base case (*see* ECF No. 78 in Case No. 17-04014), where it belongs. The Trustee then filed his Concurrence twenty-seven days after the re-filing on the correct docket. Filing the January 10, 2019 amendment in the docket of an unrelated adversary proceeding does not constitute filing a claim of exemption under Rule 4003, in the opinion of the court. Accordingly, the court regards the Concurrence as timely.

## IV.  MERITS OF THE EXEMPTION CLAIM

Having addressed threshold challenges, the court turns to the merits of the amended exemption claim under § 522(d)(11).[3] The first statutory basis for exemption -- § 522(d)(11)(A) -- permits a debtor to exempt the "right to receive, or property that is traceable to . . . an award under a crime victim's reparation law." The father concedes that Michigan has no such law, and that the Muskegon County Circuit Court entered the civil judgment against the son based on tort law, not a criminal conviction. And, although there is a reparation statute for victims of federal crimes, *see*, *e.g.,* 18 U.S.C. § 3771, the federal judgment is premised on § 523(c), again not on any statute qualifying as a "crime victim's reparation law." The compensatory nature or purpose of the two judgments does not, without more, bring them within the terms of § 522(d)(11)(A). It is true, as the father argues, that courts are to construe exemption statutes liberally in favor of a debtor's fresh start, but this rule of construction does not license the court to ignore the plain meaning and natural reading of statutory text.

Finally, the father's recent reliance on § 522(d)(11)(E) is equally fruitless because, as he conceded during the hearing, the assets within the individual retirement account that the son looted comprised past -- not future -- earnings. The fact that the father intended to use his past earnings, in a tax advantaged vehicle, for future support, does not make the

---

[3] During the hearing, the father agreed that the court should address the merits of his most recent version of his exception claims, filed on March 29, 2019 (ECF No. 94), which simply added § 522(d)(11)(E) as an additional statutory basis for exempting his interest in the judgments against his son. The court acknowledges that the son lacks standing to challenge the exemption claim, and that the Trustee's Concurrence only adopted the Objection to the exemption under § 522(d)(11)(A) but given the father's consent and the court's authority under § 105(a), the court will address the exemption claim under both subsections of § 522(d)(11) upon which the father presently relies.

retirement assets, which are already in existence, "payment in compensation of loss of future earnings of the debtor" as the statute requires. Even more removed from the concept of the father's "future earnings of the debtor" is the father right against the son under the judgments.

Finally, the depth of the father's need for post-incarceration support does not warrant relaxing the statutory limits on exemption rights that Congress imposed when choosing language to balance a debtor's fresh start against the distribution to creditors. The exemptions claimed fall outside the statutes cited.

## V.  CONCLUSION AND ORDER

For the foregoing reasons, the court will disallow the father's exemption claims with respect to the judgments to the extent premised on § 522(d)(11)(A) and (E).

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Objection is OVERRULED for want of standing;

2.      The Concurrence is SUSTAINED; and

3.      The exemptions claimed under § 522(d)(11)(A) and (E) are DISALLOWED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Kevin M. Wigger, Mr. Thomas A. Bruinsma, chapter 7 trustee, Cody H. Knight, Esq., Harold E. Nelson, Esq., and Assistant United States Trustee Matthew Cheney, Esq. (via first class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 12, 2019**

Scott W. Dales
United States Bankruptcy Judge